Thomas A. Saenz (Cal. Bar No. 159430)*
Luis L. Lozada (Cal. Bar No. 344357)*
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
       llozada@maldef.org

Daniel R. Ortega Jr., No. 005015
ORTEGA LAW FIRM
361 East Coronado Road, Suite 101
Phoenix, AZ 85004-1525
Telephone: (602) 386-4455
Email: danny@ortegalaw.com

*pro hac vice forthcoming

*Attorneys for Plaintiff
and the Proposed Class*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Barraza Trevino, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GECU Federal Credit Union,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1981; INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**CLASS ACTION** |

Plaintiff Carlos Barraza Trevino ("Plaintiff" or "Plaintiff Barraza Trevino"), individually and on behalf of all others similarly situated, makes the following allegations, based on information and belief, against Defendant GECU Federal Credit Union ("Defendant" or "GECU"):

## INTRODUCTION

1. Defendant GECU follows a policy of denying full access to credit products and services to applicants on the basis of their alienage, including those who have Deferred Action for Childhood Arrivals ("DACA") status.

2. Plaintiff Barraza Trevino and members of the Class he seeks to represent were and are unable to access Defendant's credit products and services because of their alienage. Plaintiff brings this case against GECU for unlawful discrimination in violation of the Civil Rights Act of 1866, as codified at 42 U.S.C. § 1981 ("Section 1981").

3. Defendant's violations have inflicted harm on Plaintiff, and the Class he seeks to represent, including but not limited to, access to credit or loan products with unfavorable terms and conditions, and emotional distress.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's Section 1981 claims under 28 U.S.C. § 1331.

5. This Court is also empowered to issue a declaratory judgment against Defendant by 28 U.S.C. §§ 2201 and 2022.

6. Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

- 1 -
**CLASS ACTION COMPLAINT**

# PARTIES

**Plaintiff**

7.     Plaintiff Carlos Barraza Trevino is a resident of Phoenix, Arizona and has lived in the United States since 1999.  He arrived in the United States from Chihuahua, Mexico when he was less than a year old.  He is currently a doctoral student at Arizona State University.

8.     Plaintiff Barraza Trevino has been a DACA recipient since 2015.  As part of the DACA initiative, Plaintiff Barraza Trevino received authorization to work in the United States and a social security number.  Plaintiff Barraza Trevino resided in Phoenix, Arizona on the date that he applied for an auto loan from Defendant and was unlawfully denied.

9.     Defendant subjected Plaintiff and members of the Class that he seeks to represent to discrimination in violation of federal law as described in this Complaint.

**Defendant**

10.    Defendant GECU Federal Credit Union is a member-owned credit union headquartered in El Paso, Texas.

11.    Defendant is headquartered at 1225 Airway Boulevard, El Paso, Texas 79925-3620.

12.    Defendant offers consumers a range of financial and credit products, including retail banking services, personal loans, auto loans, credit cards, and home loans.

/ / /

/ / /

/ / /

## STATEMENT OF FACTS

13. Plaintiff Barraza Trevino brings this action on behalf of himself and members of the proposed Plaintiff Class. The class seeks damages, declaratory judgment, and injunctive relief.

14. Plaintiff Barraza Trevino is a recipient of DACA and has been since 2015. Since that time, he has continuously possessed an employment authorization card and a social security number. As a DACA recipient, Plaintiff Barraza Trevino can renew his work authorization.

15. In or around June 2015, Plaintiff Barraza Trevino applied for membership with GECU. GECU subsequently approved his application for membership and a checking/savings account.

16. On May 28, 2024, Plaintiff Barraza Trevino applied for an auto loan with GECU. GECU denied the auto loan.

17. Plaintiff Barraza Trevino called GECU and was told over the phone that he was denied because his social security number was for work-only authorization and because of his "legal status."

18. On May 29, 2024, GECU sent an Adverse Action Notice to Plaintiff Barraza Trevino, informing him that his request for an auto loan was denied because "value or type of collateral not sufficient; limited credit experience; temporary residence." The Notice also indicated that Plaintiff Barraza Trevino had a credit score of 753 when he applied for the auto loan from GECU.

19. After GECU denied his loan application, Plaintiff Barraza Trevino was approved for a loan from Desert Financial Credit Union with an interest rate of 8.49% and a term length of 84 months.

20. Plaintiff Barraza Trevino suffered harm from GECU's unlawful discrimination when his loan application was denied on the sole basis of his alienage. This denial caused Plaintiff Barraza Trevino to feel the deleterious effects of discrimination and to suffer harm, including actual damages, emotional distress, and other negative effects.

21. GECU's denial of Plaintiff Barraza Trevino's application because of its limited and arbitrary alienage requirement violates 42 U.S.C. § 1981.

22. There is an actual and substantial controversy between Plaintiff and GECU.

## CLASS ACTION ALLEGATIONS

23. Plaintiff Barraza Trevino incorporates by reference the allegations raised in all preceding paragraphs.

24. Plaintiff Barraza Trevino brings this action on behalf of himself and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure as a class.

25. Plaintiff Barraza Trevino seeks to represent the following Denial Class, composed of, and defined, as follows:

> All persons who resided in the United States at the relevant time they applied for or attempted to apply for a credit or loan product from GECU but were denied full and equal consideration by GECU on the basis of alienage or lack of U.S. citizenship.

26. Plaintiff Barraza Trevino may amend the above class definition as permitted or required by this Court. This action has been brought and may be properly maintained

as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

**Rule 23(a)(1) – Numerosity**

27. The potential members of the above Denial Class as defined are so numerous that joinder would be impracticable.

28. The Denial Class are an ascertainable group that, on information and belief, consists of at least dozens of individuals.

29. With discovery, the size of the Denial Class will be ascertainable. The names and addresses of most potential Class Members are available to Defendant.

30. Notice can be provided to the potential Class Members via first class mail using techniques and a form of notice similar to those customarily used in class-action lawsuits, as well as through published notice for those unknown to Defendant.

**Rule 23(a)(2) – Common Questions of Law and Fact**

31. There are questions of law and fact common to the Denial Class that predominate over any questions affecting only Plaintiff Barraza Trevino or any other individual Class Members. These common questions of law and fact include, without limitation:

a. Whether it is GECU's policy or practice to reject applicants for full consideration for credit or loan products on the basis of alienage;

b. Whether GECU violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff and the Denial Class on the basis of alienage;

c.  Whether Plaintiff Barraza Trevino and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

d.  Whether Plaintiff Barraza Trevino and the Class Members are entitled to damages and any other available relief.

**Rule 23(a)(3) – Typicality**

32. Plaintiff Barraza Trevino's claims are typical of the claims of the Denial Class. Plaintiff Barraza Trevino and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct and common policies in violation of Federal law, regulations, and statutes as alleged here.

33. Plaintiff Barraza Trevino's claims are representative of and co-extensive with the claims of Class Members.

**Rule 23(a)(4) – Adequacy of Representation**

34. Plaintiff Barraza Trevino will fairly and adequately represent and protect the interests of Class Members. Plaintiff is a member of the Denial Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Denial Class.

35. Plaintiff Barraza Trevino has retained counsel competent and experienced in complex litigation and discrimination class actions.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

36. Class certification is appropriate because GECU has acted and/or refused to act on grounds generally applicable to members of the Denial Class. GECU's actions make

appropriate declaratory, equitable, and injunctive relief with respect to Plaintiff Barraza Trevino and the Class Members as a whole.

37. GECU excludes Class Members in the Denial Class outright from credit products and services on the basis of alienage. The Class Members are entitled to declaratory, equitable, and injunctive relief to end GECU's common, unfair, and discriminatory policies.

**Rule 23(b)(3) – Superiority of Class Action**

38. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Denial Class predominate over any questions affecting only individual Class Members. Each Class Member has been injured and is entitled to recovery by reason of Defendant's unlawful policies and practices of discrimination on the basis of alienage and of denial of full and equal access to Defendant's services.

39. No other litigation concerning this controversy has been commenced by or against Class Members.

40. Class-action treatment will allow similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that individual Class Members have any interest in individually controlling separate actions in this case.

41. Under Section 1981, Class Members have been injured and are entitled to recovery of actual damages because of GECU's discriminatory policies. Damages are

capable of measurement on a class-wide basis. Plaintiff Barraza Trevino and Class Members will rely on common evidence to resolve their legal and factual questions, including the applicable policies and practices in the relevant period.

42. Plaintiff Barraza Trevino is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## CLAIM FOR RELIEF
**Alienage Discrimination**
**(42 U.S.C. § 1981)**

43. Plaintiff Barraza Trevino incorporates by reference the allegations raised in all preceding paragraphs.

44. Plaintiff Barraza Trevino brings this claim on his own behalf and on behalf of the Denial Class.

45. Plaintiff Barraza Trevino and Class Members are persons within the jurisdiction of the United States.

46. Plaintiff and Class Members are aliens.

47. Plaintiff Barraza Trevino and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

48. Defendant conducts business in the United States and is obligated to comply with the provisions of 42 U.S.C. § 1981.

49. Defendant intentionally discriminated against Plaintiff Barraza Trevino and members of the Denial Class on the basis of alienage by denying them access to full and fair review of their applications for credit or loan products.

50. Defendant intentionally discriminated against Plaintiff Barraza Trevino and members of the Denial Class by interfering with their right to make and enforce contracts for credit or loan products on the basis of alienage.

51. Plaintiff Barraza Trevino and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here. Plaintiff Barraza Trevino and Class Members demand damages, and request that the Court issue a permanent injunction ordering Defendant to alter its policies and practices to prevent future discrimination on the basis of an applicant's alienage and to prevent further violations of 42 U.S.C. § 1981.

52. Plaintiff Barraza Trevino and Class Members are now suffering, and will continue to suffer irreparable injury from GECU's discriminatory acts and omissions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Barraza Trevino and the Denial Class he seeks to represent respectfully request the following relief:

i. Certification of the case as a class action on behalf of the proposed Class;

ii. Designation of Plaintiff Barraza Trevino as class representative on behalf of the Denial Class;

iii. Designation of Plaintiff's counsel of record as Class Counsel;

iv. Declaratory judgment that Defendant's policies and practices set forth here are unlawful and violate 42 U.S.C. § 1981;

v. Preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth here and described in preceding paragraphs;

vi. Award of compensatory damages to Plaintiff Barraza Trevino and Class Members in an amount to be determined;

vii. Costs incurred, including reasonable attorneys' fees and costs to the extent allowable by law;

viii. Pre-judgment and post-judgment interest, as provided by law; and

ix. For such other and further relief as this Court deems just and proper.

Dated: February 24, 2025                    Respectfully submitted,

*/s/ Luis L. Lozada*

Luis L. Lozada
Thomas A. Saenz
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND

Daniel R. Ortega Jr.
ORTEGA LAW FIRM

*Attorneys for Plaintiff
and the Proposed Class*