IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Barraza Trevino,<br><br>           Plaintiff,<br><br>v.<br><br>GECU Federal Credit Union,<br><br>           Defendant. | No. CV-25-00625-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendant GECU Federal Credit Union's ("GECU") Motion to Compel Arbitration (Doc. 8). The Motion has been fully briefed. For the following reasons, the Court **grants** Defendant's Motion.

**I.     BACKGROUND**

In 2015, Plaintiff Brraza Trevino opened a bank account with GECU. (Doc. 1 at 4.) In 2024, Plaintiff applied for an auto loan, which GECU denied. (*Id.*) Plaintiff now sues GECU for denying him a loan based on his alienage in violation of 42 U.S.C. § 1981. (*Id.* at 5.) Trevino also seeks to bring this action on behalf of a proposed class of people who were similarly denied financial products by GECU based on their alienage. (*Id.*) GECU filed the present Motion pursuant to an arbitration agreement (the "Agreement") between Trevino and GECU. (Doc. 8 at 2). GECU notes that the Agreement has a delegation provision which delegates the threshold question of arbitrability to an arbitrator (the "Delegation Provision"). (*Id.* at 14.)

**II.    LEGAL STANDARD**

The Federal Arbitration Act ("FAA") "governs arbitration agreements in

'contract[s] evidencing a transaction involving commerce.'" *Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190, 1193 (9th Cir. 2024) (alteration in original) (quoting 9 U.S.C. § 2)). The FAA "provides that written agreements to arbitrate controversies arising out of an existing contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (quoting § 2). "Because an arbitration agreement is a contract like any other, it may be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability." *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1009 (9th Cir. 2023) (citation modified). "The FAA limits federal court review of arbitration agreements to two gateway arbitrability issues: (1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Id.* (citation modified).

However, "parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). If the arbitrability question has been delegated to an arbitrator, it "limits the issues that a court may decide." *Fli-Lo Falcon*, 97 F.4th at 1194 (citation modified). In such circumstances, a "court need not conduct further inquiries beyond the existence of the arbitration agreement." *Id.* Instead, "the only remaining question is whether the particular agreement *to delegate* arbitrability—the Delegation Provision—is itself unconscionable." *Brennan v. Opus Bank*, 796 F.3d 1125, 1132 (9th Cir. 2015) (emphasis in original). Indeed, "if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court *may not decide the arbitrability issue*." *Henry Schein*, 586 U.S. at 69 (emphasis added).

### III.   DISCUSSION

GECU's Motion, and the parties' briefing, primarily concerns whether Plaintiff's claim is arbitrable. However, the Court must first decide whether the Delegation Provision validly delegates the arbitrability issue to an arbitrator. *See Fli-Lo Flacon*, 97 F.4th at 1199

(noting that courts "may not decide the arbitrability issue" if there is a "clear and unmistakable" "agreement to delegate threshold arbitrability questions to the arbitrator" (quoting *Henry Schein*, 586 U.S. at 69)). The Court finds that the Delegation Provision is valid. The Court also finds that Plaintiff fails to argue that the Delegation Provision is unconscionable.

### A. The Delegation Provision is Valid

Here the Delegation Provision reads: "Arbitration applies to any and all such claims or disputes whether they arose in the past, may currently exist or may arise in the future. Disputes also include claims or disputes relating to the enforceability, validity, scope or interpretation of any of these arbitration provisions." (Doc. 8-5 at 2.) The Agreement also requires that arbitration be filed with either the American Arbitration Association ("AAA") or JAMS and in accordance with those organizations' rules and procedures. (*Id.* at 3.)

Under the AAA's rules: "The arbitrator shall have the power to rule on their own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or the arbitrability of any claim or counterclaim." Am. Arb. Ass'n, *Commercial Arbitration Rules and Mediation Procedures* R-7(a) (2025). Under JAMS's rules: "Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought . . . shall be submitted to and ruled on by the Arbitrator." JAMS, *Comprehensive Arbitration Rules & Procedures* Rule 11 (2021)

GECU contends that the foregoing expressly delegates the arbitrability issue to an arbitrator. (Doc 8 at 15.) Additionally, GECU notes that both the AAA's and JAMS's rules "authorize the arbitrator to decide questions of arbitrability. (*Id.*)

Plaintiff disagrees, contending that the Delegation Provisions is unenforceable. (Doc. 11 at 17.) Plaintiff does not make any arguments specific to the Delegation Provision. Instead, Plaintiff contends that the Delegation Provision is invalid because the Agreement itself is procedurally and substantively unconscionable. (*Id.*) Additionally, Plaintiff does not appear to argue that he is not a party to the Agreement pursuant to his

membership with GECU. Instead, Plaintiff notes that his "contention that the arbitration section is unenforceable applies to loan transactions only and does not apply to non-loan transactions." (*Id.* at 9 n.2.)

The Court finds—and neither party seems to disagree—that the Delegation Provision "clearly and unmistakably" delegates the threshold questions of arbitrability to an arbitrator. *See Brennan*, 796 F.2d at 1130 (noting that "virtually every circuit to have considered the issue has determined that incorporation of the AAA arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability" (citation modified). Accordingly, the Court "focuses on whether the agreement to delegate arbitrability—the delegation clause—is itself unconscionable." *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1000 (9th Cir. 2021).

**B. Plaintiff Fails to Argue that the Delegation Provision is Unconscionable**

However, the Court cannot reach the unconscionability question in this case. Plaintiff fails to sufficiently argue that the Delegation Provision is unconscionable. Instead, Plaintiff argues that the Delegation Provision is unconscionable only because it is a part of the Agreement, which Plaintiff contends is unconscionable. (Doc. 11 at 17.) This is insufficient. "[T]o sufficiently challenge a delegation provision, the party resisting arbitration must *specifically reference the delegation provision* and make arguments challenging it." *Fli-Lo Falcon*, 97 F.4th at 1199 (emphasis added) (quoting *Bielski*, 87 F.4th at 1011.

The Ninth Circuit is clear, where a "plaintiff fail[s] to make any arguments specific to the delegation provision and instead argue[s] that the arbitration clause as a whole is unconscionable under state law, [courts] may not consider that claim because it is for the arbitrator to decide in light of the parties' clear and unmistakable delegation of that question." *Id.* (citation modified). While "a party may use the same arguments to challenge both [a] delegation provision and arbitration agreement," the Court can only consider those arguments as to the delegation provision if "the party articulates why the argument invalidates *each specific provision*." *Id.* (emphasis added) (quoting *Bielski*, 87 F.4th

at 1011). Plaintiff fails to do so here.

Plaintiff relies on the Ninth Circuit's opinion in *Heckman v. Live Nation Entertainment, Inc.*, 120 F.4th 670 (9th Cir. 2024) to argue that "a party may 'challenge the enforceability of a delegation clause by explaining how "unrelated" provisions make the delegation unconscionable.'" (Doc. 11 at 17.) Contrary to Plaintiff's assertion, *Heckman* does not allow a party to attack the enforceability of a delegation provision by broadly arguing that the underlying arbitration agreement is unconscionable. Instead, *Heckman* more modestly suggests that courts "must consider the parts of the agreement *that impact the delegation provision* to decide its enforceability." *Id.* at 681 (emphasis added) (citation modified) (quoting *Bielski*, 87 F.4th at 1011). In other words, courts are "not limited to the bare text" of a delegation provision and can "interpret the provision in the context of the agreement as a whole." *Id.* (quoting *Bielski*, 87 F.4th at 1012). Indeed, delegation provisions may be set aside based on other provisions, but the claimant must articulate how the other provision specifically invalidates the delegation provision. *See Fli-Lo Falcon*, 97 F.4th at 1999.

Additionally, Plaintiff's interpretation of *Heckman* puts that case in conflict with *Bielski*—a case upon which *Heckman* relies heavily. *Bielski* is clear, "the party resisting arbitration must specifically reference the delegation provision and make arguments challenging it." 87 F.4th at 1011. Because Plaintiff fails to do so, his "remaining unconscionability arguments directed at the Arbitration Agreement as a whole must be decided by the arbitrator." *Fli-Lo Falcon*, 97 F.4th at 1201.

**IV. CONCLUSION**

Accordingly,

**IT IS ORDERED granting** Defendant's Motion to Compel Arbitration (Doc. 8).

…

…

…

…

**IT IS FURTHER ORDERED** dismissing this action and directing the Clerk of Court to terminate this case.

Dated this 27th day of October, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge